UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD TONGE,

       Plaintiff,

v.                                         Case No.:  2:20-cv-168-FtM-38NPM

NOVARTIS PHARMACEUTICALS
CORPORATION,

       Defendant.
                                    /

## **OPINION AND ORDER**[1]

Before the Court is Defendant Novartis Pharmaceuticals Corp.'s Motion to Dismiss or in the Alternative, Motion for More Definite Statement (Doc. 9), Plaintiff Ronald Tonge's response in opposition (Doc. 11), and Defendant's reply (Doc. 15).  For the reasons below, the motion is denied.

## **BACKGROUND**

This is a products liability case.  Plaintiff sues Defendant for injuries he sustained after taking a Novartis drug that treats leukemia.  According to the Complaint, Defendant failed to warn of the drug's dangerous and known risks.  The Complaint details Defendant's marketing tactics and its knowledge, concealment, and intentional failure to warn of the drug's risks.  It also pleads facts about Plaintiff and his injury, such as him (1) being diagnosed with leukemia in 2009; (2) taking the drug from February 2011 to June 2014; and (3) later developing peripheral vascular disease that led to more procedures

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

and an amputation.  (Doc. 1 at ¶¶ 49-50).  The Complaint brings two causes of action: strict liability failure to warn and negligence.

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing the Complaint fails to plead a central fact necessary to an element of Plaintiff's claim—the date of his injury.  That date being when he was diagnosed with peripheral vascular disease.  Defendant even accuses Plaintiff of knowing the injury date and crafting the Complaint to avoid the statute of limitations.  Alternatively, Defendant moves under Rule 12(e) for a more definite statement and asks this Court to require Plaintiff to amend the Complaint to include the injury date.

Plaintiff responds that the Complaint need not allege facts to the statute of limitations affirmative defense.  He also says that Defendant "neglects to inform the Court that the parties entered into a multi-year tolling agreement, of which Plaintiff was a party, prior to filing this suit in an attempt to resolve Plaintiff's claim."  (Doc. 11 at 4).

## LEGAL STANDARDS

Rule 12(b)(6) allows a complaint to be dismissed for failing to state a claim upon which relief can be granted.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when the complaint's factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.*  A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted).  And when

2

deciding a motion to dismiss, the court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff.  *Ashcroft*, 556 U.S. at 679.

It is well settled that "[a] statute of limitations bar is an affirmative defense and plaintiffs are not required to negate an affirmative defense in their complaint."  *Beach Comm. Bank v. CBG Real Estate LLC*, 674 F. App'x 932, 934 (11th Cir. 2017) (citing *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)).  Courts thus grant a motion to dismiss on statute of limitations grounds "only if it is apparent from the face of the complaint that the claim is time-barred."  *Id.* at 934 (citation omitted).  And "a motion to dismiss on statute of limitations grounds should not be granted where resolution depends either on facts not yet in evidence or on construing factual ambiguities in the complaint in defendant's favor."  *Clements v. 3M Elec. Monitoring*, No. 2:16-CV-776-FTM-38CM, 2017 WL 4326618, at *2 (M.D. Fla. June 29, 2017) (citing *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1252 (11th Cir. 2003)).

## DISCUSSION

After considering the parties' arguments, record, and applicable law, the Court denies the motion.  Defendant argues the date of injury is essential to the Complaint's product liability claims.  The Court disagrees.  This date is critical to Defendant's statute of limitations defense, not the underlying claims to which that defense applies.

Florida law allows a four-year statute of limitations for personal injury claims arising from product defects.[2]  Fla. Stat. § 95.11(3)(e).  This period runs "from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence."  *Id.* § 95.031(2)(b).  Put differently,

---

[2] When sitting in diversity jurisdiction, the Court applies the substantive law of the forum state.  *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011).

3

the statute of limitations runs when a plaintiff (1) knows that he was injured; and (2) has notice of a possible connection between his injury and the product. *See Univ. of Miami v. Bogorff*, 583 So. 2d 1000, 1004 (Fla. 1991). The date that Plaintiff was diagnosed with peripheral vascular disease may ultimately prove relevant to decide when he had notice, and thus determine the success of Defendant's statute of limitations argument. But the date of diagnosis has no direct bearing on Plaintiff's ability (or inability) to plead claims for strict liability failure to warn or negligence. *See, e.g.*, *Colville v. Pharmacia & Upjohn Co., LLC*, 565 F. Supp. 2d 1314, 1321 (N.D. Fla. 2008) (stating "[s]trict liability and negligent failure to warn cases boil down to three elements that [p]laintiff must prove: 1) that the warnings accompanying the item were inadequate; 2) that the inadequacy of the warnings proximately caused Plaintiff's injury; and 3) that Plaintiff in fact suffered injury by using the product"). Put simply, Plaintiff is under no obligation to allege when he was on notice of his injury.

Even setting aside the above finding, it is not apparent from the Complaint that Plaintiff's product liability claims are time-barred. To resolve the statute of limitations defense, Defendant asks the Court to consider a doctor's note dated November 21, 2013 that identifies a peripheral vascular disease diagnosis, which Defendant attached to its motion to dismiss. The Court would then need to view that note in Defendant's favor to imply that Plaintiff was aware of the diagnosis and a possible connection between his injury and the drug. This logical chain is several links too long for this preliminary stage. *See Beach Comm.*, 674 F. App'x at 935 (reversing the district court's dismissal based on a statute of limitations defense because "a more developed factual record" was needed to decide "whether and when [the plaintiff] should have discovered [the defendant's]

4

fraud"); *see also* Carter v. Brown & Williamson Tobacco Corp., 778 So. 2d 932, 936-37 (Fla. 2000) (stating a products liability cause of action involving a latent disease "accrues when the accumulated effects of the deleterious substance manifest themselves to the claimant in a way which supplies some evidence of a causal relationship to the manufactured product" (citation omitted)).  Plus, Plaintiff raises a possible tolling agreement between the parties.  At bottom, Defendant's statute of limitations argument is better suited for summary judgment.

Defendant's alternative request for a more definite statement under Fed. R. Civ. P. 12(e) fares no better.  A defendant may move for a more definite statement when a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Motions for more definite statements are "disfavored under the law" and are "not to be used as a substitute for discovery."  Spiral Direct, Inc. v. Basic Sports Apparel, Inc., 151 F. Supp. 3d 1268, 1281-82 (M.D. Fla. 2015) (citation omitted).  "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail."  Advanta-Star Auto. Research Corp. of Am. v. Semoran Auto Acquisitions, Inc., No. 6:17-cv-1675-Orl-40GJK, 2018 WL 1907643, at *3 n.5 (M.D. Fla. Apr. 23, 2018) (citation omitted).  The Complaint alleges two product liability claims because of Defendant's drug that Plaintiff took for his leukemia.  Defendant thus knows the claims and the basic supporting facts.  Because Defendant can reasonably prepare a response, a more definite statement is unnecessary.

Accordingly, it is now

**ORDERED:**

(1) Defendant Novartis Pharmaceuticals Corp.'s Motion to Dismiss or in the Alternative, Motion for More Definite Statement (Doc. 9) is **DENIED**.

(2) Defendant must answer the Complaint on or before **June 18, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of June 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record