UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD TONGE,

    Plaintiff,

v.                                               Case No. 2:20-cv-168-JLB-NPM

NOVARTIS PHARMACEUTICALS
CORPORATION,

    Defendant.
_____

**ORDER**

Plaintiff Ronald Tonge is a former user of Tasigna, a cancer drug produced and sold by Defendant Novartis Pharmaceuticals Corporation ("Novartis"). He has moved to stay this case pending resolution of his counsel's motion to transfer Tasigna cases to an MDL in the Southern District of Illinois. (Doc. 46.) Novartis opposes the stay. (Doc. 47). After carefully considering both parties' positions, the Court will err on the side of caution and grant a stay.

**DISCUSSION**

Under JPML Rule of Procedure 2.1(d), filing a motion to transfer with the MDL Panel does not limit a court's pretrial jurisdiction and does not affect or suspend any pretrial proceedings. "In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Nevertheless, "[c]ourts frequently grant stays pending a decision by the MDL Panel

regarding whether to transfer a case." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  When considering a motion to stay pending a transfer motion to the JPML, district courts typically consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Rivers, 980 F. Supp. at 1360 (citing Am. Seafood, Inc. v. Magnolia Processing, Inc., No. CIV. A. 92-1030, 1992 WL 102762, at *1–2 (E.D. Pa. May 7, 1992)).

Mr. Tonge argues that he will suffer hardship absent a stay because Novartis has noticed depositions of himself and his treating physicians, and he cannot defend these depositions absent "complete production" from Novartis.  (Doc. 46-2 at 4.) This "complete production" is supposedly part of a "global discovery dispute between all Tasigna plaintiffs and Novartis" and includes "Novartis's communications and marketing efforts with respect to [Mr. Tonge's] prescribing physician."  (Id. at 3–4.) If a stay is not granted, Mr. Tonge claims that he "will be forced to file a motion to compel immediately."  (Id.)  Mr. Tonge also limits his request to a stay of less than sixty days from the date of his original motion because he anticipates the JPML will issue a decision on the motion to transfer in August.  (Id. at 3.)

Conversely, Novartis claims that a stay would be prejudicial because depositions for Mr. Tonge's treating physicians "have been scheduled and confirmed for August and early September 2021." (Doc. 47 at 2.) Accordingly, a stay would prejudice Novartis "because it would lead to a cancellation of previously scheduled depositions." (Id. at 3.) This, in turn, may threaten Novartis's "ability to prepare and present its defenses in line with the deadlines outlined in the Scheduling Order, including the expert disclosure deadline in November 2021." (Doc. 47 at 9.)

Having carefully considered the parties' arguments, the Court believes that one side will inevitably suffer some prejudice regardless of how the Court rules. Ultimately, however, the Court believes that the potential hardship for Mr. Tonge outweighs any prejudice to Novartis. If the marketing materials Mr. Tonge refers to are indeed part of a "global" discovery dispute, the Court will err on the side of not making an inconsistent ruling with respect to discovery of the same material, which would waste judicial resources. If Novartis feels that it can no longer comply with the deadlines in the Court's scheduling order, the Court would be amenable to modifying those deadlines as necessary. Accordingly, it is **ORDERED**:

1. Mr. Tonge's motion to stay (Doc. 46) is **GRANTED**.
2. This case is **STAYED** until August 23, 2021 or until the JPML issues its ruling, whichever first occurs.

**ORDERED** in Fort Myers, Florida, on July 23, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE